UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE G. VILLALTA,<br><br>               Petitioner,<br><br>   v.<br><br>B. CATES,<br><br>               Respondent. | 1:21-cv-01429-SKO (HC)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |

       Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254.

       The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

       In this case, the petitioner is challenging a conviction from Orange County, which is in the Central District of California.[1] Therefore, the petition should have been filed in the United States

---

[1] Petitioner also raises challenges to the conditions of his confinement; however, complaints concerning conditions

1

District Court for the Central District of California.  In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:   **September 30, 2021**              /s/ *Sheila K. Oberto*
                                                                     UNITED STATES MAGISTRATE JUDGE

---

of confinement do not sound in habeas corpus and must be raised by way of a civil rights action pursuant to 42 U.S.C. § 1983.  Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991).